# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF REO 2001-1,<br><br>                    Plaintiff,<br>vs.<br><br>HOSSEIN M. SADEGHI, GOLNAR SADEGHI and DOES 1-10 inclusive,<br><br>                    Defendants. | CASE NO. 13cv1544-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Remand Case to State Court (ECF No. 3), and the Court's July 17, 2013 Order (ECF No. 4).

## I. Background

On February 1, 2013, Plaintiff U.S. Bank National Association, Not in Its Individual Capacity, but Solely as Trustee for SRMOF REO 2001-1, filed a Complaint for unlawful detainer in San Diego County Superior Court. (ECF No. 1-1).

On July 2, 2013, Defendant Hossein M. Sadeghi ("Defendant"), proceeding pro se, filed a Notice of Removal in this Court. (ECF No. 1). On July 2, 2013, Defendant filed a Motion to Proceed In Forma Pauperis. (ECF No. 2).

On July 11, 2013, Plaintiff filed the Motion to Remand Case to State Court ("Motion to Remand"). (ECF No. 3).

On July 17, 2013, the Court issued an Order denying Defendant's Motion to

Proceed In Forma Pauperis. (ECF No. 4). The Court stated:

> Defendant shall, within twenty (20) days of the date this Order is filed, either (1) pay the requisite $400.00 filing fee, or (2) submit a more detailed motion to proceed in forma pauperis. If Defendant fails to submit payment or a more detailed motion to proceed in forma pauperis within twenty days of the date of this Order, the Court will remand this case to the San Diego County Superior Court. The briefing schedule for the pending Motion to Remand Case to State Court is not affected by this Order.

*Id*. at 2 (citation omitted).

On July 31, 2013, Defendant filed an opposition to the Motion to Remand. (ECF No. 7). On August 5, 2013, Plaintiff filed a reply. (ECF No. 8). On August 13, 2013, Defendant filed a response to Plaintiff's reply. (ECF No. 10).

**II. Discussion**

    **A.    Motion to Remand**

Plaintiff moves for remand of this action to state court on the basis that the Court lacks subject-matter jurisdiction and the removal was untimely.

        **1.    Subject-Matter Jurisdiction**

Defendant contends that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1443(1). (ECF No. 1 at 2; ECF No. 7 at 3-4).

            **a.    28 U.S.C. § 1332(a)**

Subject-matter jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing, *inter alia*, 28 U.S.C. § 1441(a)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). The presumption against

removal means that "the defendant always has the burden of establishing that removal is proper." *Id.*

In this case, "it is not facially evident" from the state court complaint – which demands an amount "under $10,000" – that the amount in controversy requirement is satisfied. *Matheson*, 319 F.3d at 1090; ECF No. 1-1 at 2. Defendant contends that the value of the real property at issue is in excess of $1,000,000. (ECF No. 7 at 3-4). However, in unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 170-71 (1977) ("[I]n a summary proceeding for unlawful detainer 'the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense.' ... Real parties are not left without a remedy. The issues which they seek to litigate can be pursued by way of quiet title actions."). The Court finds that Defendant has failed to "prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090. Defendant has failed to demonstrate that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### b. 28 U.S.C. § 1443(1)

Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443. "A petition for removal under § 1443(1) must satisfy the two-part test.... First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that

allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (quotations omitted). In the Notice of Removal and the briefing in opposition to the Motion to Remand, Defendant fails to satisfy either part of the two-part test. *Cf. Golden Union Props., LLC v. Amesquita*, No. CV 10-09607, 2011 WL 321095, at *4 (C.D. Cal. Jan. 26, 2011) ("This type of unlawful detainer claim is inadequate to establish a basis for removal under 28 U.S.C. § 1443.") (quotation omitted); *HSBC Bank USA v. Cabal*, No. 10CV1621, 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) (same). Defendant has failed to demonstrate that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1443(1). Accordingly, the Motion to Remand must be granted for lack of subject-matter jurisdiction.

### 2. Timeliness

The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Plaintiff contends that the Notice of Removal is untimely pursuant to § 1446(b)(1). Defendant fails to respond to this contention.

Plaintiff filed the Complaint in state court on February 1, 2013. (ECF No. 1-1 at 1). The Summons was returned executed by personal service on February 21, 2013. *Id.* On May 23, 2013, the state court conducted a bench trial, with Defendant entering an appearance. (ECF No. 3-7 at 2). On May 23, 2013, the state court issued a Judgment in favor of Plaintiff. *Id.* On July 2, 2013, Defendant filed the Notice of Removal in this Court. (ECF No. 1). Defendant has failed to demonstrate that the Notice of Removal was filed within the time proscribed by 28 U.S.C. § 1446(b)(1). Accordingly, the Motion to Remand must be granted.

1 **B.　July 17, 2013 Order**

In the July 17, 2013 Order, the Court ordered Defendant to either pay the requisite filing fee or file a more detailed motion to proceed in forma pauperis no later than August 6, 2013. The docket reflects that Defendant has failed to pay the filing fee or file a more detailed in forma pauperis motion. For this additional reason, this action will be remanded to state court.

**III.　Conclusion**

IT IS HEREBY ORDERED that the Motion to Remand is GRANTED. (ECF No. 3). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the Superior Court of California, County of San Diego, where it was originally filed and assigned case number 37-2013-00033878-CL-UD-CTL.

DATED: August 26, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge